GUS HUSBANDS v. STATE.

[62 South. 278.]

CRIMINAL LAW. *Proceedings for appeal. Proceedings in forma pau-
peris. Code 1906, section 62 and 65.*

Where a defendant was convicted in the circuit court of a mis-
demeanor and after sentence was released on bail, under section
65, Code 1906, he was entitled to appeal to the supreme court
without executing an appeal bond upon making affidavit of
inability to either make bond or deposit a sum of money suf-
ficient to cover cost as provided by section 62, Code 1906.

APPEAL from the circuit court of Jasper county.
HON. D. C. ENOCHS, Special Judge.

Gus Husbands was convicted of a misdemeanor and
appeals.

The facts are fully stated in the opinion of the court.

*A. A. Hammond,* for appellant.

I know of no better way to answer the motion filed by
George H. Ethridge, assistant attorney-general, praying
that the court dismiss the appeal herein, than to incorpo-
rate here the law providing for an appeal in cases where
the appellant is unable to secure the costs by depositing
a sufficient sum of money, or by executing an appeal
bond. However, to do so would only take up the time
of the court and make this instrument unnecessarily long,
because the court has the law before them and can easily
refer to section 62 of the Code of 1906, and see that in
criminal cases the appellant has the right to file an affida-
vit and perfect his appeal.

Answering the second allegation of the motion to dis-
miss I respectfully refer the court to section 65 of the
Code of 1906, wherein it is provided that appellant may
be released upon the execution of an appearance or bail

105 Miss. 33

bond, conditioned to appear before the circuit court to answer the judgment if the case be affirmed.

It has been the practice in Mississippi for many years to construe section 62 and section 65 together, or in other words, to comply with both sections before the appellant can be released and perfect his appeal. I here refer to the case of *Lum* v. *State,* 66 Miss. 389, 5 So. 689, wherein this court said: "An appellant may be released on bail pending an appeal under this section (65) but he must also give a bond, or make a deposit for costs, or make an affidavit of inability to do so under section 62. If this is not done the appeal will not be entertained, and he cannot be discharged without complying with both sections."

In this case the appellant has executed the bond for his appearance to answer whatever judgment the supreme court may render on appeal, or in other words to surrender himself to the sheriff in the event the supreme court affirms the sentence and judgment of the court below. I submit that we have complied with the law as it is written, and have obeyed both sections of the Code, as well as followed the ruling of this court in the case of *Lum* v. *State.*

It has been an established practice for many years in Mississippi to allow appeals on an affidavit in lieu of costs, and to release the appellant upon the execution of an appearance bond, and in fact, I have never heard of the rule being otherwise. It seems that having been the practice for so many years in misdemeanor cases, and even in felony cases where the release upon bail pending the decision of the supreme court is a matter in the sound discretion of the court, but still it is permitted to be made upon affidavit in lieu of costs.

In short, this question is too well settled by our law and by decisions of this court to permit further argument. I respectfully submit that the motion should be overruled, and the case heard upon the questions raised by the record.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

Gus Husbands, the appellant, was convicted in the justice court of Jasper county, Mississippi, on a charge of petty larceny, and duly sentenced according to law in said court; and feeling aggrieved at the said judgment, appealed to the circuit court and was there tried anew, and convicted on said charge, and again sentenced as according to law; and feeling aggrieved at the judgment of the circuit court, appealed to the trial judge for bail pending appeal and was given bail in the sum of one hundred and fifty dollars; made and executed a bail bond for that amount. He thereupon undertook to appeal to this court *in forma pauperis,* alleging, in his affidavits, that he was unable to give an appeal bond, or deposit a sufficient amount of money to secure the cost of the appeal. It does not appear in the record that he prepaid any part of the transcript, or cost of appeal.

This case is in precisely the attitude of the case of *Pink and James Lum* v. *State,* 66 Miss. 389. In that case, it was held that in order to get an appeal and be released from prison, it was essential to give both bonds. Wherefore, I submit that the appellant in this case has no right to be enlarged on bail and prosecute an appeal without bond.

SMITH, C. J., delivered the opinion of the court.

Appellant was convicted of a misdemeanor in the court below, and after sentence was released on bail under section 65 of the Code. He executed no appeal bond, but made an affidavit of inability to either make bond or deposit a sum of money sufficient to cover costs, as provided by section 62.

The attorney-general now moves the court to dismiss the appeal, on the ground that an appeal will not lie from a conviction of a misdemeanor, where the appellant executes a bail bond, unless he also executes an appeal bond,

or deposits a sufficient sum of money to pay the costs of the appeal; that the making of an affidavit of inability to do so is insufficient. In this counsel is in error. An appeal will always lie when section 62 has been complied with, which can be done by giving an appeal bond, depositing money to pay costs, or by the making of a pauper's affidavit. It is true that, in order to obtain his liberty pending an appeal, an appellant must execute a bail bond as provided by section 65; but the execution of such a bond has no bearing whatever on his right to appeal by complying with section 62.

We have been referred to the case of *Lum* v. *State*, 66 Miss. 389, 5 So. 689. This case is not in point, for the reason that there the appellant attempted to appeal by simply executing a bail bond, without complying with the section of the then Code which corresponds with section 62 of our present Code.

Motion overruled.

· *Overruled.*