## J. C. BILLS *v.* STATE.

[62 South. 647-278.]

CRIMINAL LAW. *Presumptions. Instructions. Possession of internal revenue license.*

In a prosecution for keeping intoxicating liquors for sale an instruction that the presumption of guilt raised by the possession of an internal revenue license ceases to exist, where a reasonable explanation is made regarding such possession, is erroneous, since a reasonable explanation of possession may be untrue or insufficient if true to rebut the presumption.

APPEAL from the circuit court of Harrison county.

HON. T. H. BARRETT, Judge.

J. E. Bills was convicted of selling intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*Rushing & Guice,* for appellant.

With the exception of evidence as to the possession of an internal revenue license, in this case, the evidence is insufficient to sustain a conviction, and the case is in the

same category with *Stanberry* v. *State,* 53 South. 783. The court, by giving instruction number one for the state without a qualification, told the jury in effect, that they must convict. There is testimony in the record in which defendant testifies that this license was secured when defendant was engaged in the near beer business, which was several months prior to the time of the alleged offense. Prior to 1908, section 1747 of the Mississippi Code of 1906, made an exception as to those persons authorized by law to deal in intoxicating liquors, said section reading "that any person not authorized by law, etc." When the prohibition laws of 1908, chapter 115, were enacted, this statute was amended to read, "the fact that any person, etc." Simultaneous with amendment of said section, chapter 113 of the laws of 1908 was enacted, giving to druggist the right to sell intoxicating liquors under certain conditions and restrictions; therefore, if the druggist was accused of unlawfully selling intoxicating liquors, and it was brought out in the testimony that he had in his possession a United States Internal Revenue License, he would be entitled to an instruction to the jury to the effect that he was entitled under the law to make sales of liquor in certain cases, and the presumption arising from his possession of same would cease, as the evidence would then be a question for the jury.

In 16 Cyc., 1073, a presumption of law is defined as follows: "A presumption of law is a rule of law announcing a definite probative weight attached by jurisprudence to a proposition of logic. '

It is an assumption made by law that a strong inference of facts is *prima facie* correct, and will therefore sustain the burden of evidence until conflicting facts on the point are shown. When such evidence is introduced the assumption of law is *functus officio* and drops out of sight. The inference of fact which has been assumed to be correct, continues to have its logical weight in the case."

When the defendant on the stand in the case at bar was giving his testimony, he was asked why he had a revenue license in his possession, and he explained that he had bought it for use when in the near beer business. This testimony was admitted by the court, and we submit that the instruction requested should have been given, and that even in the absence of a request by defendant for such an instruction, it was error for the court to instruct that the revenue license "constitutes presumptive evidence that the owner is engaged in keeping intoxicating liquors for sale" under the facts in this case, as. it was for the jury to determine from the. evidence whether the revenue license had been purchased and used alone for the near beer business.

In *Gillespie* v. *State*, 51 So. 811, this court, speaking through Justice MAYES, in construing section 1747 of the Code says: "This section provides, among other things, that the fact that any person has in his possession appliances adapted to retailing liquors shall be presumptive evidence that the person owning or controlling the appliances is engaged in selling or bartering intoxicating liquors in violation of the law. The above proof was made before the jury, and the court then instructed that if the jury believed from the evidence beyond a reasonable doubt that defendant was found in possession of appliances which she owned or controlled, and that these appliances were adapted to retailing, then this proof was presumptive evidence that she was selling liquor unlawfully, and if the jury believed from the evidence beyond a reasonable doubt that defendant did sell the liquors as charged in the indictment, then they should convict. The requirements of this statute, both as to proof under it and as to the law applicable under this proof, was observed in every particular. The defendant offered no proof whatever to rebut the presumption of law arising from the proof of the above facts, and, the jury believed that the appliances were found as testified to, then there

was nothing for them to do but convict. It may have been that the mere denial by defendant that she had unlawfully sold intoxicating liquors, on the facts in this record, would have been sufficient to overcome this presumption; but, in the absence of any proof in denial of the charge, the conviction must stand. As Wigmore says, in his valuable treatise, on this very question of presumption: 'The peculiar effect of a presumption of law is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent. If the opponent does offer evidence to the contrary, the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule.' 4 Wigmore's Evidence, pages 2491, 3534.

Although this conviction is had in the face of a record containing no direct proof that appellant did unlawfully sell intoxicating liquors, it does contain such proof as the law says shall constitute, in the absence of any opposing testimony, presumptive evidence of guilt, and in this condition the court is bound to affirm."

It was therefore incumbent upon defendant, when it was brought out in the testimony that he had in his possession a revenue license, to explain why he had it, if such explanation would be any defense. He did this by evidence and then as Wigmore says, "the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule."

*Frank Johnston,* assistant attorney-general, for the state.

Section 1747 of the Code of 1908 makes the fact of the possession by a defendant of the United States license presumptive evidence of the fact that the person holding such license is engaged in a violation of the state liquor law. This statute does not state whether this presumption in express terms is to be a conclusive presumption, or only a *prima facie* presumption. I entertain no doubt,

however, of the proposition that section 1747 must be construed as making the fact of this Federal license a *prima facie* presumption and not a conclusive presumption. Upon this construction alone could the constitutionality of the statute be sustained.

The charge given for the state is literally in the terms of the statute. This instruction does not state that the presumption created by the statute is conclusive, or, in express terms, that it is only a *prima facie* presumption. There are necessarily two kinds of presumptions of law, one is *prima facie* presumptions, and the other class is conclusive presumptions of law. But I will assume, however, just in the ordinary use of language, that the jury were not mislead by this instruction or by the language used in the instruction into the belief that this presumption of law was conclusive on them. However, I admit, that the instruction, as given by the court, is ambiguous on this precise point. The question presented on this proposition, however, is more distinctly and clearly emphasized by the refusal of the court to grant an instruction to the effect that this presumption of law ceases to exist where a reasonable explanation is made in regard to the fact of the possession of this United States license.

Upon a critical consideration of this refused instruction, it may be said that it is lacking in technical accuracy in this, that it should have told the jury that if the explanation made was in their estimation a reasonable one, then that the legal presumption ceased to exist. This may be implied from the instruction. I will, therefore, respectfully submit the question to the court as to whether or not the refused instruction upon the practical construction it left the jury to understand that the reasonableness of the explanation was for their consideration and decision.

I concede that in *Gillespie's case,* 51 So. 811, this court in the construction and application of section 1747, de-

clared that where the evidence of the facts are given that a legal presumption disappears. In that case, the internal revenue license was not involved, but that was a case where it was supposed that the defendant had in his possession, the appliances for carrying on a blind tiger business. In that case, the court quoted with approval Professor Wigmore's text that in the presence of the facts the technical legal presumption of law disappears. Either the legal presumption absolutely disappears when evidence is introduced explanatory of the facts, or, notwithstanding the introduction of such evidence, in respect to the facts, the technical legal presumption remains as a factor in the case or as a consideration in the case for the determination of the jury. This is the only question that I desire to suggest to the court on the question presented by this record.

COOK, J., delivered the opinion of the court.

Appellant was charged with keeping, for the purpose of selling same, intoxicating liquors. In addition to much evidence, abundantly authorizing the jury to believe him guilty, it was proven that he owned a United States revenue license authorizing him to sell intoxicating liquors. At the request of the state, the court instructed the jury as follows: "The court charges the jury, for the state, that ownership of a United States internal revenue license for the sale of intoxicating liquors constitutes, presumptive evidence that the owner of said license is engaged in keeping intoxicating liquors for sale." The defendant requested this instruction, which was refused, viz.: "The court instructs the jury, for the defendant, that while the possession of an internal revenue license raises a presumption of the guilt of defendant, that this presumption ceases to exist where a reasonable explanation is made regarding his possession of the same."

At a former day of this term the case was affirmed, without an opinion (62 South. 278), and it is here again

on suggestion of error. In the brief of counsel it is urged that the trial court committed fatal error in refusing defendant the above instruction, and counsel requests the court to discuss this phase of the case. · It will be noted that the instruction, referring to the presumption arising from the possession of a revenue license by defendant, states: "This presumption ceases to exist where a reasonable explanation is made regarding his possession of same."

We do not think this is a correct statement of law; for, however reasonable may be the explanation of possession, it does not follow that the presumption of guilt arising therefrom is thereby overcome. In the first place, the explanation may be entirely reasonable, and yet absolutely false. The instruction tells the jury to disregard the possession of the license, if defendant's explanation of possession is reasonable, without regard to the jury's belief about the truthfulness of the explanation. Again, it may be that the ownership of the license and the reasons of defendant for securing same are entirely reasonable and true, yet this by no means destroys the statutory presumption of guilt.

We think the last-named principle is illustrated by the facts of this case. Defendant merely said that he was in the business of selling alcoholic liquors, and for this reason he paid for and received a license from the federal authorities to carry on the business. True, he said further, that he was no longer in that business, which the jury evidently did not believe. So it may be conceded that all defendant said about his reasons for securing the license was absolutely true, and yet this so-called explanation did not have the effect of destroying the statutory presumption.

The further statement that he had quit the business did not explain his ownership of a license from the United States.

*Suggestion of error overruled.*