*171 ON PETITION FOR CERTIORARI
ETHRIDGE, Chief Justice:
Thomas Albert Tarrants, III, petitioner, was convicted in the Circuit Court of Lauderdale County on November 27, 1968, on a charge of unlawfully placing a bomb near a building and residence in which there were stored goods, wares and merchandise of value, with the felonious intent to hurt or harm said property, contrary to Mississippi Code 1942 Annotated section 2143 (1956). He was sentenced to serve a term of thirty years in the State penitentiary.
Tarrants gave notice to the court reporter and the circuit clerk to transcribe the testimony and prepare the record. On December 5, 1968, Tarrants undertook to file with the Circuit Clerk of Lauderdale County a pauper’s affidavit in lieu of appeal bond, under Mississippi Code 1942 Annotated section 1175 (1956), which states:
Appeals in criminal cases shall not stay the judgment or sentence appealed from, unless the appellant shall give bond, payable to the state, with sufficient resident sureties or one or more guaranty or surety companies authorized to do business in this state, to be approved by the court or clerk before whom the appeal is taken, in a penalty double the estimated amount of costs accrued and likely to accrue in the case, and conditioned to pay all costs in case the judgment be affirmed. If the appellant shall make affidavit that he is unable to give an appeal bond, and unable to deposit a sufficient sum of money to cover costs, he shall have an appeal without bond or deposit for costs; and his appeal shall stay the judgment appealed from. (Emphasis supplied)
The State contested the sufficiency of the pauper’s affidavit for costs, and also Tarrants’ assertion that he was, in fact, unable to make a cost bond in the proper amount.
The circuit clerk testified that the estimated cost of preparing the record and transcribing the testimony would be $1,035. Tarrants was then examined at length by the district attorney, following which the circuit court sustained the State’s motion to strike the pauper’s affidavit in lieu of a bond. Counsel for Tarrants four days later filed a motion to reconsider that decision. After a short hearing, the Court denied his motion to reconsider the question on the ground that there was no newly discovered evidence.
Tarrants has filed in this Court an “application for emergency relief” in order to permit him to obtain an appeal to this Court. We consider that application as the equivalent of an application for a writ of certiorari, sustain it, and direct the Clerk of this Court to issue a writ of certiorari to the clerk of the trial court directing that the record and the transcript be transmitted to this Court for consideration on appeal.
The second sentence of Code section 1175 grants a person convicted of a crime the right to appeal on a pauper’s affidavit upon making the affidavit stated in that statute. If he does that, “he shall have an appeal without bond or deposit for costs.” No discretion is vested in the trial court to deny such appellant an appeal.
Section 1574 is not applicable to an appeal from a criminal conviction. It simply authorizes a citizen to commence a civil suit or action by making an affidavit of poverty.
The second sentence of section 1175, being mandatory by its terms where the required affidavit is made, does not vest the trial court with discretion as to whether the circuit clerk should receive and file a pauper’s cost affidavit. Accordingly, when *172 appellant Tarrants swore to and undertook to file with the circuit clerk in lieu of an appeal bond, the affidavit in compliance with the second sentence of section 1175, he effectively took an appeal at that time to this Court. Husbands v. State, 105 Miss. 513, 62 So. 278 (1913).
In the event this case should be affirmed on appeal, the State is not precluded from pursuing appropriate collateral remedies to collect the costs which might be assessed against appellant, including execution and attachment. Nor would it be precluded in a proper case from initiating criminal prosecutions for contempt of court or perjury.
In summary, the application for writ of certiorari filed herein by appellant is sustained, and such writ is directed to be issued to the Circuit Clerk of Lauderdale County for transmission to this Court of the transcript of testimony and the record in this case.
Application for writ of certiorari sustained.
All Justices concur.